Mr. Williams, you have reserved two minutes for rebuttal, so that gives you three minutes to start. The floor is yours. Morning. Your Honor, this case is, there's one strategic problem with the case, with the argument, and that is that the Rule 1681 C.A. 4 regulates information and not accounts. So the fact that a new account number was put on the information that was provided to the Credit Bureau does not change it to new information. It's just a new account. The fact that the information wasn't changed means that it's still old information from decades before. That violates 1681 C.A. 4, which regulates information, as well as C.A. 5, which is anything else. The district court wrote the We never actually got to that point. You know, there's two issues in this case. One is the substantive legal issue, and the other one is the due process issue. So we never actually had an argument responding to the motion to dismiss. So it never got to that stage. That is the basic due process problem in the court. Now, the district court relied on Schwartz v. Goal Financing to find that this was included in this. But actually, Schwartz, the case involved new creditors, a refinanced debt, and so on. In this case, there's no change in the creditors, no change in the debtors, no change in the money involved, no consideration. Nothing has changed, except for the fact that a new account number has been put on this, and it's been reported as a new account. And the third point I would make is that we basically have decades of agency guidelines going all the way through January 2024, which has been completely consistent. There's absolutely nothing on the other side. Now, Chevron is no longer the law, but that still, Skidmore, which is in the brief, does address this. And when you have consistent guidelines from agencies, this should be followed, unless there's some good reason to change that. All right. Anything else you wanted to say? No, that's just over. You've reserved two minutes for rebuttal, so we'll now hear from Ms. Nicodemus. Thank you, Your Honor. Thank you, Ms. Williams. Ms. Nicodemus, am I pronouncing your name correct? Yes, Your Honor. Okay. Good morning. May it please the Court, I'm Camille Nicodemus, representing Defendant Appalee TransUnion, a consumer reporting agency. Williams comes to this Court asserting the untenable claim that his August 19, 2023, U.S. Department of Education student loan should not have been reported by TransUnion because it purportedly violated the Fair Credit Reporting Act's provision under Section 1681C that adverse accounts may not report for more than seven years. His argument is that because the 2023 consolidation loan was used to pay off earlier student loans, which had been delinquent for many years, that that provision should apply to this account. This is contrary to the clear and unambiguous language of the FCRA, and plaintiff's complaint does not allege that the account was seven years or more older or that there was any delinquent information being reported on the account. Well, let me ask you the same question I asked Mr. Williams. I mean, it seems to me that this was not argued below and certainly not decided below. Do you agree with that? The district court decided the motion to dismiss based on TransUnion's briefing. The appellant did not file a response to the motion to dismiss. Instead, he chose to file a motion to strike TransUnion's motion, which was improper, as a motion to strike must be directed to the pleadings. The court gave Mr. Williams an additional three weeks' time to respond to TransUnion's motion to dismiss, which he declined to do. Thereafter, the district court ruled on TransUnion's motion and then ruled that the plaintiff's motion to strike was moot, since the motion to dismiss had been granted with prejudice and the plaintiff's claims had been dismissed. Right. So this 1681C argument, the interpretive argument, the statutory interpretation argument, wasn't made below, right? Well, the — not directly, Your Honor, but this Court is reviewing the district court's decision de novo, and the arguments that plaintiff asserts on appeal, had they been briefed and considered below, would have made no difference to the claim. It's a very straightforward claim in which the district court reviewed the precise allegations in the complaint, as it must do, and considered all of them to be true, as it must, and gave a favorable inference due to the fact that the plaintiff is proceeding pro se. Based on all of that, the Court came to the correct conclusion that in the absence of either the account being more than 7 years old or there being any adverse information being reported on the account, Section 1681C simply does not apply to this account. The arguments that plaintiff proffers to this Court here do not save him. They do not save the fatal nature of his claims, which, applying the very clear, unambiguous provisions of the Fair Credit Reporting Act to the very clear, unambiguous allegations in the complaint, doomed this claim. Following plaintiff's line of argument, any account that was a new account for a loan, let's say someone transfers a mortgage, the Consumer Reporting Agencies could never report any account, a new account, that was not adverse, simply because it had sometime in the past, at one time, been delinquent. That's not what the case law says. That's not what the Fair Credit Reporting Act says. Plaintiff received the fresh start that he believes he was entitled to in consolidating delinquent loans into a new loan. That new loan was not reporting as adverse, and that new loan was opened in 2023, thereby not being more than 7 years old. The District Court also correctly dismissed Plaintiff's 1681I claim, which is the provision under the Fair Credit Reporting Act that requires TransUnion to conduct a reasonable reinvestigation on the grounds that the plaintiff did not allege any factual inaccuracy as required to state such a claim. The District Court also dismissed the Plaintiff's Higher Education Act claim and Declaratory Judgment Act claim, as neither of those statutes provide for a private right of action. Plaintiff raises the issue of agency interpretation, the Consumer Financial Protection Board, and contends that, in some way, those regulations are at odds with the decision of the District Court, which they are not. The regulations that Appellant refers to apply to claims that have a delinquency, to accounts that have a delinquency. And he refers to provisions regarding the date of first delinquency. There is no delinquency on this account. Plaintiff does not allege that it's been reported with any delinquency. And so, therefore, those regulations do not apply by their terms. They are not inconsistent with what the District Court decided here, and they are not inconsistent with the way the FCRA has been interpreted under 1681C. We would ask that the Court affirm the dismissal of Plaintiff's complaint with prejudice. And unless Your Honors have any further questions, we'll rest on the briefing. Okay. Thank you very much, Ms. Nicodemus. We'll now hear from Mr. Williams for two minutes of rebuttal. Regarding the complaint, Your Honor, I was never given the opportunity to amend the complaint. Did you ask for it? Well, there was an amended complaint, right? Say that again, please. You did amend the complaint at one point earlier. No, this complaint was never amended. And, in fact, it was dismissed with prejudice. So I never responded to the motion to dismiss. It was dismissed with prejudice for the pro se party. But you're an attorney, right? I am legally trained, yes. I mean, you never asked to amend, right? You mean after? You never made a request to amend the complaint? Well, the point was just, well, at what point would I ask to amend it? The first decision I got was the motion dismissing with prejudice.  Well, you mean you can ask at that point for the court to grant you leave to amend it? The court actually said it would not allow that. Well, I mean, even now it doesn't seem to be. So what would you change if you amended the complaint? Well, for example, it was pointed out that I did not allege certain very specific facts just now. Of course, an amended complaint would have dealt with those issues. Anything else you wanted to say?  No, that will do. Thank you, Your Honor. All right. Well, thank you both. We will reserve decision.